UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FORMULA IMPRESSIONS CORP., ) | | |
| d/b/a BOWLINGSHIRT.COM, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 4:06CV942RWS | |
| ) | | |
| DAVID BABCOCK, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## **MEMORANDUM AND ORDER**

This matter is before me on the Babcocks' motions for protective order, sanctions and to vacate the referral of this matter to mediation. The Babcocks seek a protective order prohibiting plaintiff from communicating directly with them after they received two threatening e-mails from Alan Spetner, the CEO of Formula Impressions. Plaintiff has attempted to characterize these e-mails as the frustrated venting of Spetner, who was merely attempting to initiate settlement discussions between the parties. According to plaintiff, the Babcocks could not have reasonably been intimidated or harassed by Spetner's threats to have them arrested, among other things. Plaintiff also argues against a protective order prohibiting communication directly between the parties, but promises that Spetner will not contact the Babcocks anymore without their consent.

I have reviewed the e-mails from Spetner and find them to be more than just "inappropriate." Whether these e-mails may become substantive evidence in this case or serve as the basis for legal action against Spetner and/or plaintiff is an open question that the Court cannot resolve at this stage of the proceedings, but it is a question that plaintiff's counsel has neglected to address in his filings on this issue. However, given counsel's representation as an officer of this Court that Spetner will not contact the Babcocks without their consent, I find the request for a protective order is unnecessary. I will also deny the request for sanctions at this time. Sanctions will issue, however, if Spetner violates the representations made to this Court.

The Babcocks also seek to vacate the order referring this case to mediation on the grounds that they are unwilling to participate and that any settlement offers can be communicated through counsel. Mediation can accomplish much more than a simple exchange of settlement offers through counsel. Although I can understand the Babcocks' reluctance to attend mediation given Spetner's e-mails, I still believe that mediation would be beneficial for the parties and this case. For this reason, the motion to vacate the referral to mediation will be denied. If I find out that either party refuses to participate in mediation in good faith or attempts to use mediation to harass or intimidate the other party, I will sanction the offending

party and, where appropriate, counsel for the offending party.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for protective order and for sanctions [#24] is denied.

**IT IS FURTHER ORDERED** that defendants' motion for relief from the Court's referral to alternative dispute resolution [#25] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2007.